OPINION of the Court, by
Ch. J. Boyle.
This was. an action of detinue for slaves. On the trial the case in substance appeared to be this : That the appellee having a right by devise from his grandfather to the remainder of some slaves after the expiration of a life estate which was devised to another, sold his right to two of his uncles. To avoid this sale, on the ground that it was procured by fraud, the appellee filed his bill in chancery against his uncles, pending which he transferred his right to Carter Blanton. Subsequent thereto, the appellee having acquired the life estate in said slaves, gold some of them and delivered possession thereof to the appellant, who had previous notice of the transfer to Blanton. To recover these slaves this action was brought in the name of the appellee, for the use of Carter Blanton. The court below gave judgment for the appellee, from which the appellant has tak,en this appeal.
The main question is, whether the action could be maintained in the name of the appellee ?
In deciding this question, it is not material to determine whetherthe sale from the appellee to i lanton transferred a legal or only an equitable right; for considered in either point of view, it is perfectly clear that the action cannot be sustained in the name of the appellee. If it be assumed that the legal right was transferred ta Blanton, then nothing can be more evident upon general principles than that the action could only be taain-trined in his name; for the right to maintain an action at law must be a necessary incident to the legal right. The idea suggested in argument, that because Blanton *519 liad never been in possession of the slaves, he could not maintain the action, notwithstanding the right of property might be in him, is certainly not tenable : for it is a settled rule of law, that the property of personal chattels draws with it the possession; so that he who has the general property may bring an action for it, although he may never have been in the actual possession. —2 Saund. 47 a, note ].
But if it be assumed that the sale by the appellee to Blanton only transferred an equitable right, then as the legal right remained with the appellee, it must have been transferred by the subsequent sale to the appellant; and consequently the action could not be maintained against him : for no one can be liable to an action at law to recover the possession of that which he holds under a legal title.
It was attempted in argument to support the action upon the ground that the transfer to Blanton, though it operated only as an assignment of the equitable right, nevertheless gave him an authority to use the name of the appellee as his assignor, and that courts of law would protect him against the acts of his assignor.
There is no doubt that the assignment of a thing not assignable at law, has been considered as giving to the assignee an authority to use the name of the assignor for the recovery of the thing, and that courts of law have assumed in modern times a power to protect the as-signee against the acts of the assignor. But this power has only been exercised in virtne of the control they have over their own proceedings, and the suitors in their courts, and consequently cannot be extended to the protection of the assignee against acts done by the assignor before the institution of the suit. It would indeed be preposterous to suppose that in virtue of the control the courts have over their suitors and proceedings, they had the power to resuscitate a right to maintain an action in the name of one who by his own act had extinguished his right of action before it was commenced j for it is obvious that to maintain an action there must be a right to do so when the action is commenced.
Judgment reversed with costs, and the cause remanded, that judgment may be entered for the defendant la ⅞6 court below.